# SUPREME JUDICIAL COURT

FOR THE

· COUNTY OF WORCESTER, OCTOBER TERM 1855,
AT WORCESTER.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW, } Justices.
Hon. BENJAMIN F. THOMAS,

---

## COMMONWEALTH *vs.* APOLLOS S. BUGBEE.

An indictment, which avers that the defendant at a time and place named feloniously assaulted A. B., and, being then and there armed with a dangerous weapon, did actually strike him on his head with said weapon, is sufficient, without repeating the words " then and there " before the words " did actually strike."

METCALF, J. The defendant, having been found guilty on an indictment charging him with perjury in giving testimony in the court of common pleas in the county of Worcester, upon the trial of William Jenkins and James Hanna for robbery, now moves *in arrest of judgment.* The ground of this motion is,

that the indictment against Jenkins and Hanna, on the trial of which the defendant is charged with having committed perjury does not show that the court in which they were tried had jurisdiction of the offence with which they were charged. And if this be so, the motion must prevail; " for where the court hath no authority to hold plea of the cause, but it is *coram non judice*, there perjury cannot be committed." 3 Inst. 166. *Commonwealth* v. *White*, 8 Pick. 454. Is there, then, the alleged defect in the indictment against Jenkins and Hanna? The argument for the defendant rests on the rule of pleading in criminal cases, that every material act stated in an indictment must be alleged to have been committed on a particular day and at a particular place; that, in the indictment in question, the striking, with a dangerous weapon, of the person alleged to have been robbed, is not alleged to have been at any time or place, and therefore that it may have been out of the county of Worcester, and of course out of the jurisdiction of the court held in that county.

The rule of pleading relied on for the defendant is unquestionable; and the only question is this: Is the striking, set forth in the indictment for robbery, sufficiently alleged to have been at a particular time and place? That indictment alleges that Jenkins and Hanna, at Southbridge in the county of Worcester, on the 26th of December 1852, feloniously assaulted Bugbee, and then and there feloniously robbed him; they then and there being armed with a dangerous weapon; and being then and there so armed, they did actually strike him on his head with said weapon. The alleged defect in the indictment is, that the words " then and there " are not inserted next before the words " did actually strike; " that although the assault, the robbery, and the being armed with a dangerous weapon, are sufficiently alleged to have been at Southbridge on the 26th of December 1852, yet that the striking, for aught that the indictment alleges, may have been elsewhere, at a place unknown and out of the county of Worcester, and on some other and unknown day. But we are all of opinion that the indictment is well drawn; that the striking is alleged, with sufficient certainty, to have been at the place and time where and when the other acts of Jenkins

and Hanna are alleged to have been done; that the words "then and there," last inserted in the indictment, must be understood to apply as well to the striking as to the being armed; and that the insertion of those words, immediately before the allegation of the striking, would have been useless repetition. As was said by Chief Justice Ewing, in a case not unlike this, "there might have been, with the words 'then and there,' a greater deference to tautology, but not thereby a more explicit or intelligible averment." *State* v. *Price*, 6 Halst. 210.

Objections like that now before us were never held valid in prosecutions for misdemeanors, but only *in favorem vitæ*, in indictments and appeals of death. 2 Hale P. C. 178. 2 Hawk. *c.* 23, § 88. 7 Dane Ab. 272. Even in capital cases, they have been deemed by the most eminent English judges as among the "unseemly niceties" by which the law is blemished and reproached. 2 Hale P. C. 193. 2 Gabbett Crim. Law, 198, 199. And this court, in the case of *Commonwealth* v. *Barker*, 12 Cush. 186, 187, decided that an indictment for murder was sufficient, which alleged that the defendant, at Worcester, in the county of Worcester, on the 2d of January 1853, with a certain axe, feloniously did strike M. B., giving unto the said M. B. then and there, with the axe aforesaid, feloniously, wilfully, and of his malice aforethought, one mortal wound; that the words "then and there" needed not to be repeated before the allegation of the mortal wound; because, notwithstanding the English decisions to the contrary, it was deemed most clear that no one, upon reading the indictment, could fail to understand that the mortal wound was alleged to have been given at Worcester on the day named in the indictment. A like decision was made by the supreme court of North Carolina, in *The State* v. *Cherry*, 3 Murph. 7. That decision, however, was made on the ground that a statute of that state had provided that, in all criminal prosecutions by indictment or presentment, it should be sufficient, for all intents and purposes, that the bill should "contain the charge against the criminal, expressed in a plain, intelligible and explicit manner." The judge who gave the opinion said that if it had not been for this statute he should have felt himself conclusively bound, by the

old decisions, to arrest the judgment, without being at liberty to scrutinize the reasons of them. We do not feel thus bound. We are of opinion that a charge expressed in a plain, intelligible and explicit manner, and in the accustomed legal phraseology, and found by a jury to be true, is sufficient to warrant a judgment against the person thus charged, whether that charge be of a misdemeanor or of a capital offence ; and that we need no special legislative enactment to authorize us to render judgment in such a case.

Exceptions were taken to some of the rulings at the trial of this case. But they were not relied on at the argument, nor do we see any legal reason for sustaining them.

*Exceptions and motion in arrest overruled.*

*P. C. Bacon & G. F. Verry,* for the defendant.

*P. E. Aldrich,* (District Attorney,) for the Commonwealth.